IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD KEITH DAVIS, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MAGISTRATE JUDGE CHARLES R. )<br>MCCLURE, )<br>    Defendant. ) | No. 3:12-CV-4693-G |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.  BACKGROUND**

Plaintiff filed this unspecified complaint. He is proceeding *pro se*, and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Magistrate Judge Charles R. McClure.

Plaintiff's complaint is difficult to decipher. He appears to claim that Judge McClure wrongfully found him incompetent to stand trial and sent him to Vernon State Hospital. As his claim for relief, he simply states: "This stated as lie." (Magistrate Judge's Questionnaire, Answer No. 4.)

**II.  SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it

concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

It appears Plaintiff has filed suit for violation of his civil rights pursuant to 42 U.S.C. § 1983.[1] Judges, however, have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). Plaintiff's claims arise out of actions taken by Judge McClure in Plaintiff's criminal case. The Court therefore concludes that Judge McClure is entitled to judicial immunity.

---

[1] The Court sent Plaintiff a Magistrate Judge's Questionnaire to obtain more information regarding his claims. Plaintiff's responses to the Questionnaire, however, are difficult to understand and do not elucidate his claims.

**RECOMMENDATION**

The Court recommends that Plaintiff's claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 22nd day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).